369

BEFORE THE FIRST DIVISION, JUNE 8, 1964

No. 68612.—Advance Pet Supply Co. *v.* United States, protests 61/3528, etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of plastic feeders or fountains similar in all material respects to those the subject of Abstract 67011, the claim of the plaintiff was sustained.

No. 68613.—Zenith Novelty Co. *v.* United States, protests 63/12897, 63/16211, and 63/16505 (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of vinyl ornaments similar in all material respects to those the subject of Abstract 67011, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, JUNE 8, 1964

No. 68614.—All-World Trading & Import Co. *v.* United States, protests 61/20979, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of rayon labels similar in all material respects to those the subject of *Bruce Duncan Co., Inc., a/c Standard Commodities Import & Export Corp.* v. *United States* (51 Cust. Ct. 27, C.D. 2409), the claim of plaintiff was sustained.

BEFORE THE THIRD DIVISION, JUNE 8, 1964

No. 68615.—National Lead Co. *v.* United States, protests 323044–K, 323045–K, and 323046–K (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of antimony briquettes similar in all material respects to those the subject of *National Lead Co.* v. *United States* (51 Cust. Ct. 13, C.D. 2407), the claim of the plaintiff was sustained.

**No. 68616.**—National Lead Company *v.* United States, protests 61/5606, 61/9451, and 61/12906 (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of antimony briquettes similar in all material respects to those the subject of *National Lead Co.* v. *United States* (51 Cust. Ct. 13, C.D. 2407), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, JUNE 9, 1964

**No. 68617.**—W. J. Byrnes & Co., Inc. *v.* United States, protest 61/16623 (San Francisco).

OLIVER, Chief Judge: This case was the subject of decision in *W. J. Byrnes & Co., Inc.* v. *United States*, 50 Cust. Ct. 249, Abstract 67546, wherein we overruled the protest for insufficient proof. On motion of defendant, motion for rehearing was granted. *W. J. Byrnes & Co., Inc.* v. *United States*, 50 Cust. Ct. 341, Abstract 67850.

At the hearing pursuant to the order granting rehearing, counsel for the respective parties submitted the case on an agreed set of facts showing that the merchandise, described on the invoice as "ART. BIRDS W/FEATHERS," to which the protest is limited, is properly classifiable under the provision in paragraph 1539(b) of the Tariff Act of 1930, as modified by T.D. 54108, for manufactures wholly or in chief value of a product of which a synthetic resin or resinlike substance is the chief binding agent, with a dutiable assessment at the rate of 21 cents per pound and 17 per centum ad valorem, as claimed by plaintiff, rather than at the rate of 50 per centum ad valorem under paragraph 1518 of the Tariff Act of 1930, as assessed by the collector.

The protest is sustained and an order will issue directing assessment of duty on the item in question, as hereinabove identified, at 21 cents per pound and 17 per centum ad valorem, under said modified paragraph 1539(b), with duty amounting to $60.40, and allowance to plaintiff of $59.46, as shown by the official papers and as agreed to by counsel for the respective parties. Judgment will be rendered accordingly.

BEFORE THE SECOND DIVISION, JUNE 9, 1964

**No. 68618.**—Durst Mfg. Co., Inc. *v.* United States, protests 261721–K, etc. (New York).